J-S28044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREVR B. KOESTNER | : | |
| | : | |
| Appellant | : | No. 284 MDA 2020 |

Appeal from the PCRA Order Entered January 29, 2020
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000148-2015

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 07, 2020**

Trevr B. Koestner ("Koestner") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, counsel for Koestner[2] have filed a Motion to Withdraw as Counsel, and an accompanying ***Turner***/***Finley***[3] brief.  We grant the Motion to Withdraw, and affirm the Order of the PCRA court.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The PCRA court appointed Dennis C. Dougherty, Esquire ("Attorney Dougherty"), and Barrie L. Wellener, Esquire ("Attorney Wellener") to represent Koestner.  The Motion to Withdraw is presented on behalf of both attorneys.

[3] *See **Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In its Opinion, the PCRA court summarized the relevant factual history underlying this appeal as follows:

On November 27, 2014, Koestner was discovered unconscious in a running vehicle in a parking lot in Lancaster Township. Large bundles of cash and drug paraphernalia were in plain view on Koestner's lap and on the passenger seat. A search of the vehicle, after obtaining Koestner's verbal and written consent, disclosed $5,540 cash, approximately 45 grams of suspected heroin, [] drug packaging materials[,] paraphernalia, knives, and a [vial] of the controlled substance Alprazolam. After being arrested, Koestner slipped his handcuffs under his feet[,] brought his hands to the front of him and grabbed a large amount of seized heroin from the front of the patrol cruiser. Koestner was charged[, at Lancaster County docket number 148-2015 ("148-2015"),] with [possession with intent to distribute a controlled substance], tampering with evidence, possession of a controlled substance, and possession of drug paraphernalia. Pursuant to a negotiated guilty plea, Koestner received an aggregate sentence of two and one-half to six years[ of] incarceration in a state correctional institution[, with credit for time served]. [Koestner did not file a direct appeal].

[On October 30, 2017,] Koestner was charged at [Lancaster County docket number] 6116-2017 [("6116-2017")] with two counts of aggravated assault, [and one count each of] retail theft, resisting arrest and criminal mischief.[4] These new charges resulted in a State Parole Violation at []148-2015. On September 18, 2018, Koestner tendered a negotiated guilty plea[, at 6116-2017,] … [and was sentenced] to an aggregate term of 21 months[] to 4 years[ of] incarceration. … No post sentence motion … [or] direct appeal was filed. …

On March 15, 2019, Koestner filed a *pro se* "Motion for Concurrent Time Clarification," requesting that the new sentence of 21 months to 4 years[ of] incarceration imposed at [] 6116-2017 be ordered [to run] concurrent [with] the prior sentence

_____

[4] The record is unclear regarding the date on which Koestner was released from prison and placed on parole.

imposed at [] 0148-2015.  An order was entered [by the trial court] on April 1, 2019, granting Koestner's [M]otion.  Subsequently, on June 25, 2019, the Department of Corrections notified Koestner that the new sentence at [] 6116-2017 could not, however, be served concurrently with the back[]time imposed on the State Parole Violation after he was sentenced on the new Lancaster County Charges.

As a result, on July 12, 2019, Koestner served on the court a … *pro se* [PCRA] Petition …[,[5]] which claimed that his plea was unlawfully induced and he is innocent of the charges, and further that the sentence imposed exceeded the lawful maximum.  … [O]n July 23, 2019, [Attorney Dougherty], was court appointed to represent Koestner[, and Attorney Dougherty's law partner, Attorney Wellener, was granted permission by the PCRA court to handle any and all court matters appointed to Attorney Dougherty.] … Attorney Wellener filed an [A]mended PCRA [P]etition claiming Koestner did not enter a knowing, intelligent and voluntary guilty plea[,] given that the sentence imposed [at] [] 6116-2017 was illegal in that it was made [consecutive to the sentence imposed at]148-2015.

An evidentiary hearing was held [on] January 17, 2020.  The [PCRA c]ourt heard testimony from [Koestner's trial counsel, David L. Blanck, Esquire ("Attorney Blanck")] and Koestner.  At the conclusion of the hearing, Koestner's [A]mended PCRA [P]etition was denied on the record.  A timely [N]otice of [A]ppeal was filed with [this Court] on February 13, 2020.[6]  Pursuant to [the PCRA c]ourt's directive, a [Pa.R.A.P. 1925(b)]

_____

[5] Koestner's *pro se* PCRA Petition does not appear in the certified record and its filing is not reflected in the docket.

[6] The Amended PCRA Petition included both docket numbers, and the PCRA court issued one Order denying the Petition.  However, Koestner properly filed separate Notices of Appeal, one at each docket number.  ***See Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) (stating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed.  The failure to do so will result in quashal of the appeal." (citing Pa.R.A.P. 341)).  The instant appeal concerns 148-2015.

[C]oncise [S]tatement of matters complained of on appeal was filed on February 19, 2020….

PCRA Court Opinion, 2/25/20, at 2-4 (citations to record and some footnotes omitted; footnote 1 moved to body; footnotes added; paragraphs reordered).

Initially, we must determine whether counsel have met the procedural requirements to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner[] (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se o*r by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court … must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa. Super. 2016) (corrections and some quotations and citations omitted).

Here, counsel have provided Koestner with a copy of the Motion to Withdraw and the **Turner**/**Finley** Brief, and advised Koestner of his right to proceed *pro se* or with private counsel. **See** Motion to Withdraw, 5/1/20, at 2. Thus, counsel have complied with the procedural requirements for

withdrawing as PCRA counsel. Koestner has neither retained private counsel nor submitted any *pro se* filings to this Court.

Next, we must determine whether Koestner's *pro se* PCRA Petition was timely filed. Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Koestner's judgment became final on June 11, 2015, when the time to appeal to this Court expired.[7] *See* Pa.R.A.P. 903(a) (stating that an appellant's notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). Therefore, Koestner's Petition, which was filed on July 12, 2019, is facially untimely under the PCRA. *See* 42 Pa.C.S.A. § 9545(b).

---

[7] We note that Koestner's violation of his parole did not result in a new judgment of sentence. *See Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008) (stating that "[u]nlike a probation revocation, a parole revocation does not involve the imposition of a new sentence.")

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any PCRA Petition invoking one of the exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Here, Koestner has failed to plead or prove any of the three timeliness exceptions. Therefore, we lack jurisdiction to address the merits of his claim on appeal.[8]

Motion to Withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/07/2020

---

[8] Even if Koestner's PCRA Petition was timely filed, we would conclude that Koestner's claim lacks merit for the reasons set forth by the PCRA court in its Opinion. *See* PCRA Court Opinion, 2/25/20, at 4-8.